IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLE REED and | § | |
| RUSSIE REED, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. H-17-1491 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

Pending before the court[1] are Defendant's Motion for Summary Judgment on Liability (Doc. 12) and the responses and replies filed thereto. The motion is **DENIED**.

## I. Case Background

Plaintiffs Carole Reed ("Reed") and her husband, Russie Reed, filed this action against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 -2680, after Reed was injured by a postal vehicle driven by Irene Lopez ("Lopez").

### A. Factual Background

On Saturday, July 18, 2015, Reed walked to the Walgreens from her home to make a purchase.[2] Walking from the store, Reed put her

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 35, Ord. Dated June 26, 2018.

[2] See Doc. 16-1, Ex. A to Pl.'s Resp. to Def.'s Mot. for Summ. J., Dep. of Pl. p. 33.

cell phone into her bag and zipped it.[3] Reed stepped off the curb and walked in a diagonal direction across the Walgreens parking lot, heading for the sidewalk that ran along Booneville Road in Bryan, Texas.[4] She was looking left into the direction of traffic as she crossed the Walgreens parking lot.[5]

Reed testified that she first saw the postal vehicle when it was in traffic on Booneville Road near the Shell station.[6] Reed next noticed the postal vehicle when it struck her, after it made a right turn into the Walgreens parking lot.[7] After the collision, Reed complained that her right hand, right shoulder, right wrist and feet hurt.[8] Reed was taken to the hospital by emergency personnel and was discharged later that day.[9]

The postal driver, Lopez, testified that she made a right turn into the Walgreens parking lot to deliver mail to the Walgreens postal box located on the right edge of the Walgreens parking lot.[10] Lopez was in a postal vehicle that had the steering wheel and

---

[3] See id. p. 36.

[4] See id. p. 35.

[5] See id. pp. 36-37.

[6] See id. pp. 38-39.

[7] See id. p. 42.

[8] See id. pp. 60-61.

[9] See id. p. 62.

[10] See Doc. 16-2, Ex. B to Pl.'s Resp. to Def.'s Mot. for Summ. J., Dep. of Lopez pp. 35-36.

driver's door on the right side.[11]  Lopez testified that it was a sunny day and that she was not in a hurry.[12]  Lopez estimated that she was going approximately five miles per hour when she turned right from Booneville Road into the Walgreens parking lot.[13]  Lopez admitted that she did not see Reed when Lopez was making the right turn and only saw Reed when the left side of the postal vehicle was about to strike Reed.[14]  Lopez admitted she was looking to the right, toward the Walgreens mailbox on the right edge of the parking lot.[15]  Lopez stated, "I never looked to the left."[16]

Lopez stated that she observed that Reed had her phone in her hand when Reed attempted to block the postal vehicle from striking her.[17]  Lopez testified that she believes that Reed's phone hit a mirror on the left side of her vehicle, breaking it.[18]  Lopez was disciplined by Defendant for an unsatisfactory safety performance based on this collision with Reed.[19]

---

[11]     See id. p. 68.

[12]     See id. p. 38.

[13]     See id. p. 57.

[14]     See id. pp. 61, 63.

[15]     See id. p. 65.

[16]     See id. p. 66.

[17]     See id. p. 67.

[18]     See id. pp. 67-68.

[19]     See Doc. 60-1, Ex. F. to Doc. 60, Pls.' Suppl. Resp. to Def.'s Mot. for Summ. J. on Liability, Notice of 14-Day Paper Suspension.

**B. Procedural History**

Plaintiffs filed this action on May 15, 2017, pursuant to the FTCA, alleging that Lopez acted negligently, failed to keep a proper lookout, and failed to yield the right of way when Lopez struck Reed in the Walgreens parking lot.[20] Plaintiffs seek damages for injuries sustained by Reed to her neck, back and body. Reed also seeks lost wages and lost earning capacity, and medical expenses for a cervical fusion surgery and other treatment related to the collision.[21] Russie Reed seeks loss of consortium and related loss of domestic services.[22]

Defendant filed the pending motion for summary judgment on May 18, 2018. The motion is ripe for decision.

## II. Evidentiary Objections

Both parties have objected to exhibits found in the summary judgment record. Plaintiffs object to various statements made by Lopez in an affidavit that post-dated her deposition. In the affidavit, Lopez modified her version of the events at various points and referred to "facts" that she "learned" at a later time. Also, Plaintiffs object to Lopez's attempts to characterize the Walgreens parking lot as a "service road" and her reference to a hearsay statement made by a non-party.

---

[20] See Doc. 1, Pls.' Compl. pp. 4-5.

[21] See id. p. 5.

[22] See id. p. 6.

4

Under the sham affidavit rule, an affidavit or declaration that contradicts prior deposition testimony may not be used to manufacture a dispute of fact to defeat a summary judgment motion. See Doe ex rel. Doe v. Dallas Indep. Sch. Dist., 220 F.3d 380, 386 (5th Cir. 2000).

Here, Defendant attempts to bolster its motion for summary judgment by submitting a highly edited version of Lopez's testimony that supports its argument that Reed was more than fifty-percent responsible for the accident. Although not falling directly within the sham affidavit rule because the affidavit is supplied by the movant and was not created to defeat summary judgment, the court will not predicate a summary judgment ruling on a curated affidavit and ignore relevant, but less-favorable testimony from an earlier deposition. If necessary, the court will rely on the testimony of Lopez found in her deposition and not the revised version of events found in Lopez's affidavit.[23]

Certain "facts" about the collision that Lopez learned at a later time are impermissible hearsay, as is the statement attributed to the non-party. Finally, the court does not consider Lopez's characterization of the Walgreens parking lot as a "service road" to have any legal significance. Plaintiffs' objections are **SUSTAINED**.

---

[23] The court relies on Reed's testimony as the non-movant in setting forth the factual events. See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A., 759 F.3d 498, 505 (5th Cir. 2014).

Defendant objects to additional documents attached to Plaintiffs' response to Defendant's motion for summary judgment as being outside the court's grant of leave to supplement. This dispute had its genesis at a motion-to-compel hearing that was prompted by Defendant's refusal to answer overdue discovery. The court ordered Defendant to produce certain information to Plaintiffs. Plaintiffs' counsel asked the court for leave to supplement Plaintiffs' response to Defendant's motion for summary judgment after the information had been produced by Defendant, explaining that he anticipated the need to attach only one document to the supplemental pleading. The court granted this request.

In fact, Plaintiffs' counsel attached a number of documents from Defendant's production to Plaintiffs' supplemental response. Defendant complains that the court granted leave to add only one document to the summary judgment record and that Plaintiffs were not granted leave to make any supplemental argument with respect to that one document.

Defendant's objection is **OVERRULED**. The objected-to documents are Defendant's own documents and are admissible. That Plaintiffs exceeded their counsel's estimate of a one-document supplementation is excused.

**II. Summary Judgment Standard**

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Stauffer v. Gearhart, 741 F.3d 574, 581 (5th Cir. 2014). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. See Royal v. CCC & R Tres Arboles, L.L.C., 736 F.3d 396, 400 (5th Cir. 2013)(quoting Anderson, 477 U.S. at 248).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). If the movant carries its burden, the nonmovant may not rest on the allegations or denials in the pleading but must respond with evidence showing a genuine factual dispute. Stauffer, 741 F.3d at 581 (citing Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)). The court must accept all of the nonmovant's uncontroverted evidence as true and draw all justifiable inferences in her favor. Coastal Agric. Supply, Inc., 759 F.3d at 505 (5th

7

Cir. 2014)(quoting Anderson, 477 U.S. at 255).

### III. Analysis

Under the FTCA, the United States is liable for the negligence of its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Texas law provides the applicable law. Charles v. United States, 15 F.3d 400, 402 (5th Cir. 1994).

In order to prove their claim, Plaintiffs must show by a preponderance of the evidence the existence of a duty, the breach of that duty, and damages proximately caused by that breach. West Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005). Texas imposes a duty to act as a reasonably prudent person under same or similar circumstances, considering the reasonably foreseeable risk of injury to another. Alvis v. United States, Civil Case No. 3:14cv345-BK, 2016 WL 1732659, *4 (N.D. Tex. May 2, 2016)(citing Nw. Mall, Inc. v. Lubri-Lon Int'l, Inc., 681 S.W.2d 797, 802 (Tex. App. 1984))(unpublished). "It is the general duty of every driver to keep her car under control, to drive at a reasonable speed, and to keep a lookout for others." Id. (citing Wendelken v. McMurray, 388 F.2d 553, 556 (5th Cir. 1967)).

Defendant moves for summary judgment on three grounds: (1) that Reed was negligent for failing to yield the right of way to the postal vehicle; (2) that Reed was negligent for failing to use an available sidewalk; and (3) that Reed was not attentive to her

8

surroundings when she was walking in a service road and collided with the left side mirrors of the postal vehicle. Citing Texas Civil Practice and Remedies Code § 33.001, which states that a plaintiff may not recover damages if more than fifty-percent responsible, Defendant contends that as a matter of undisputed fact and law, Reed is more than fifty-percent liable for her injuries and therefore cannot recover against the United States. It is Defendant's contention that its driver had the right of way as she drove into the Walgreens parking lot.

At the heart of Defendant's argument is its legal assumption that the portion of the Walgreens parking where the accident occurred is a "roadway" or "service road" on which its vehicle had the right of way. Defendant posits that, if the portion of the Walgreens parking lot is deemed to be a "roadway," Texas Transportation Code § 552.006(b) applies. That section states that "[i]f a sidewalk is not provided, a pedestrian walking along a highway shall if possible walk on: (1) the left side of the highway; or (2) the shoulder of the highway facing oncoming traffic." From this statutory citation, Defendant jumps to its conclusion that Reed should not have been walking in that portion of the Walgreens parking lot because it was a "roadway" or "service road" and therefore she was more than fifty percent responsible for her injuries.

Texas Transportation Code § 541.302(11) defines "roadway" as

9

"the portion of a highway, other than the berm or shoulder, that is improved, designed, or ordinarily used for vehicular travel." "Highway or street" is defined as "the width between the boundary lines of a publicly maintained way any part of which is open to the public for vehicular traffic." See Tex. Transp. Code § 541.302(5).

As there is no evidence in the summary judgment record that the Walgreens parking lot is publicly maintained, no part of it falls within the definition of either a "highway or street" or the "roadway" portion of a highway or street. As Defendant fails to cite to any legal authority that Texas Transportation Code § 552.006(b) is applicable to a private parking lot, its argument lacks merit.[24]

Defendant's citation of case law offers little assistance to its position. In Singleton v. United States, H-07-1325, 2008 WL 4560608, at *1 (S.D. Tex. Oct. 8, 2008)(unpublished), a postal vehicle delivering mail along a rural route collided with the plaintiff who was walking in the center of the roadway during a trail ride. The plaintiff had been riding in a mule-driven wagon but left the wagon when he heard some children having difficulty. Id. at *2. The plaintiff testified that he stepped off the wagon onto the center of the roadway because he did not want to disturb the horses and because he believed that there was no traffic in the

---

[24] Defendant fails to define "service road," other than to conclude that the driving portion of the Walgreens parking lot is a service road. In the absence of legal support for this characterization, it is rejected.

roadway. See id. He took four steps and was hit by the postal vehicle. See id. The court found that the postal employee was not negligent because the undisputed facts showed that the postal employee was driving slowly, within her lane, in which she had the right of way. See id. at *4.

In Green v. Pool, 421 S.W.2d 439, 440 (Tex. App. - Tyler 1967, no writ), another trail ride case, a motorist driving on a highway at forty to fifty miles per hour struck an "out of control" horse and rider that had entered the motorist's lane of traffic from a side roadway. The court found that, as a matter of law, a vehicle traveling at a proper speed within its lane of travel was not negligent if a horse suddenly entered the vehicle's path and there was insufficient time to take evasive action. See Green, 421 S.W.2d at 441-42.

In Frasier v. Pierce, 398 S.W.2d 955, 957 (Tex. App. - Amarillo 1965), the jury found a motorist not negligent when he collided with a pedestrian who attempted to cross the roadway in the middle of a block because the motorist had the right of way and had insufficient time to take evasive action.

These cases are easily distinguishable from the present facts as each involved a pedestrian-vehicle collision on a publicly maintained roadway. Because the Texas Transportation Code does not give a right of way to a motor vehicle that drives onto a private parking lot over a pedestrian, the general duties are placed on the

11

driver to keep a proper lookout, drive at a reasonable speed and maintain control of the vehicle. See Alvis, 2016 WL 1732659, at *4.

Defendant also argues that Reed was negligent as a matter of undisputed fact for not walking on a sidewalk. This argument presumes that there was a sidewalk for Reed's use. As the summary judgment evidence does not show that there was a sidewalk that would have taken Reed from the entrance of the Walgreens store to the sidewalk on Booneville Road, this argument is unsupported by the evidence.

Finally, Defendant argues that Reed was inattentive as a matter of undisputed fact and therefore is responsible for her injuries. As the court has discussed above, Reed and Lopez each had a duty to act as a reasonably prudent person under the same or similar circumstances considering the reasonably foreseeable risk of injury to another. Reed had a duty to be attentive to cars in a parking lot, and Lopez had a duty to be a attentive to pedestrians walking in a parking lot. The jury will decide whether either of those duties was breached.

Defendant's Motion for Summary Judgment on Liability is **DENIED**.

**SIGNED** this 22nd day of March, 2019, in Houston, Texas.

_____
U.S. MAGISTRATE JUDGE