IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLE REED and RUSSIE REED, | § § § | |
| Plaintiffs, | § § § | |
| v. | § | Civil Action No. H-17-1491 |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

Pending before the court[1] are Defendant's Motion for Summary Judgment on Damages (Doc. 13) and the responses and replies filed thereto. The motion is **DENIED**.

### I. Case Background

The facts of this action have been recounted in more detail in the court's opinion denying Defendant's motion for summary judgment on liability. Relevant herein, Plaintiff Carole Reed ("Reed") seeks recovery for medical expenses and personal injury arising from a collision with a postal vehicle.

On September 15, 2017, the court entered a docket control order requiring Plaintiffs to file their expert reports by December 16, 2017. See Doc. 11, Docket Control Order.

On May 14, 2018, Defendant filed the instant motion seeking a summary judgment in its favor on the issue of damages on the ground

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 35, Ord. Dated June 26, 2018.

that Plaintiffs had not supplied expert reports on the reasonableness of Reed's past medical expenses.

In response, Reed attached twelve affidavits supporting the reasonableness of the claimed medical expenses. See Exs. 1-12, attached to Doc. 19, Pls.' Resp. to Def.'s Mot. for Partial Summ. J., Affs. of Custodians of Record. Each affidavit explained the expenses claimed and opined that the expenses were reasonable for like or similar services at the time and place that the services were provided. See id.

## II. Analysis

This is a case brought under the Federal Tort Claims Act, and Texas provides the applicable law. See Charles v. United States, 15 F.3d 400, 402 (5th Cir. 1994). In Texas, in order to recover for past medical expenses, a plaintiff must show that the amount of medical expenses was actually paid or incurred and that the expenses were reasonable and necessary. See Hamburger v. State Farm Mut. Auto Ins., 361 F.3d 875, 886 (5th Cir. 2004).

Defendant argues that Reed must have "direct expert testimony" to establish that medical expenses are reasonable and necessary and that those experts must follow the protocol set forth in Federal Rule of Civil Procedure 26(a)(2). Reed counters that Section 18.001 of the Texas Civil Practice & Remedies Code permits the use of affidavits to support the reasonableness of medical expenses.

The court acknowledges that federal courts have been divided

on whether Section 18.001 affidavits may be used to establish the reasonableness of a plaintiff's claim for recovery of medical expenses in federal court. See Carreon v. King, Case No. 3:15-CV-CV-2089, 2016 WL 7669514 *4, n.1 (N.D. Tex. 2016)(collecting cases). However, the court need not reach this issue of whether Section 18.001 affidavits are permissible in federal court.

After Defendant filed its motion for summary judgment on damages, Reed supplemented her disclosures to include the expert testimony of her treating physician concerning Reed's medical care and the reasonableness of Reed's medical treatment. Over Defendant's objections, the court allowed Reed's treating physician, Steven Esses, to offer expert testimony on Reed's past medical treatment, past and future medical expenses, and whether the medical treatment was reasonable and necessary. See Doc. 54, Minute Entry Order Dated September 26, 2018.

As it appears that Reed will be offering direct expert testimony on the reasonableness of the medical expenses, Defendant's Motion for Partial Summary Judgment on Damages (Doc. 13) is **DENIED as MOOT.**

**SIGNED** this 22nd day of March, 2019.

_____
U.S. MAGISTRATE JUDGE